JUNE TERM 1836.

Moore and Moore
v.
E. Moore, admx.
of N. Moore.

MOORE AND MOORE v. E. MOORE, ADM'X. OF N. MOORE.

Action of replevin—plea, non cepit and issue, the evidence to prove *a taking* by the defs., was that the horses &c. the property mentioned in the declaration, was ranging about the farm, and that defs. exercised authority on the place, by prohibiting pltf., who was an administratrix, and witness, who acted as her agent, fom removing them. Held, sufficient proof of *a taking*.

Statement of the case.

E. Moore, the widow and administratrix of the effects of Nelson Moore, brought an action of replevin, against Robert and Alexander Moore, for several horse beasts; the defendants pleaded non cepit, and property in themselves and property in a stranger. Issues were taken on those pleas, and the parties went to trial. A verdict and judgment were given for the plaintiff. The defendants moved the court for a new trial, for the following reasons: 1st. The verdict is against law. 2. The verdict is against evidence, the verdict is without evidence. 3. The verdict is against the weight of evidence. 4. The verdict is against the instruction of the court—the court overruled the motion, and the defendants brought the cause here.

On the argument in this court, the counsel for the plaintiffs in error mainly rely on the point that there is no sufficient evidence before the jury, to justify them in finding that they ever took or had in their possession, the property in the declaration mentioned.

We will therefore set out the testimony, relating to the issue of non cepit; it appeared by the evidence of a witness, that the intestate lived on a plantation in the county of St. Louis, for some two or three years; and that there was thereon and thereabout, horses and other stock. That Moore, the father of the intestate and father of the plaintiffs in error, seemed to some of the witnesses to be the owner, sometimes was there and sometimes lived with the plaintiffs in error; and was, as some witnesses thought, the owner of the plantation and property, stock &c. That Moore the intestate, lived on the place and in the houses, and died at St. Louis. For the purpose of the present enquiry, we take it for granted, that the property in the declaration mentioned, was the property of the intestate, as the jury have found it to be. It appears then, that when Moore the intestate died, he was in St. Louis; and that the wife attended on him there: that when Moore the intestate died, the widow went to her father's house, and again returned to St. Louis, and that shortly thereafter she went to the farm where she

and her husband had lived shortly before his death; that when the widow and the witness, who was her brother arived at the farm house, they found Alexander Moore, one of the defendants, standing in the door of the house, holding the door, who refused to allow the plaintiff to go into the house; the plaintiff then went round the house and got in at a window. A. Moore then told her she could not stay, as the house was rented to another person who was just coming to take possession. Alexander then commenced taking the furniture of that other person into the house, and the plaintiff left then and shortly afterwards administered. After administration, the witness went with a written demand from the plaintiff to the defendants, requiring them to deliver the property of N. Moore, embracing the property in the declaration mentioned, but they refused to read it, and forbid the witness from removing any thing from the farm. Witness went with the sheriff, when the writ in this case was executed, and found the bay horse (in the declaration mentioned) in a pen on the farm, the other horses were in the range on the prairie around the farm, where they were accustomed to feed. Before the writ was executed, witness had spoken to R. Moore, and he had appointed a day when the cattle and stock were to be driven up and the matter settled, and witness attended on the day; R. Moore said he had consulted with Alexander and determined that nothing should be removed. This witness gave other evidence relating to a chest and clothes of plaintiff, used by her in lifetime of intestate. This is all the testimony on the record regarding the taking of the property in suit.

*Gamble for plaintiff in error.*

There is here no question of law arising upon instructions of the court. The record shews the whole evidence given in the cause; and the question is upon the motion for a new trial, and that question is here as it was in the court below, upon the effect of the evidence on the issues to be tried.

The pltfs. in error assert, that not only was the weight of evidence against the verdict upon the plea[1] of non cepit, as well as the pleas of property, but in relation to the plea of non cepit there was actually no evidence.

*Counsel for deft. in error.* The deft. in error contends that the motion was properly overruled.—See testimony and 3 Miss. Rep. p. 472; 4 Miss. Rep. Skinner v. Stouse.

JUNE TERM
1836.

Atwood
v.
Gillespie.

Action of replev-in—plea, non cepit and issue, the evidence to prove *a taking* by the defs. was that the horses &c. the property mentioned in the declaration, were ranging abont the farm, and that defs. exercised authority on the place, by as her agent, from

Opinion of the court delivered by McGirk Judge.

The testimony is not direct and positive as to some of the property, yet we think the acts of authority exercised by the defendants over the property, in forbidding the plaintiff and the witness from removing any thing from the farm, was enough to justify the jury in this case, when a woman as administratrix was claimant, to say there was a taking, they were physically able to have their orders obeyed; under these circumstances, they may well be considered as actually possessing the property or that portion of the horses ranging about the farm. We cannot say the verdit is against law nor against evidence, and if the verdict is against the evidence it is not so in such degree as to authorise us to interfere.— Judgment affirmed with costs.

prohibiting pltf. who was an administratrix, and witness, who acted removing them. Held, sufficient prooff of *a taking*.